IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE SALOMON NIEBLA-BELTRAN,<br><br>Defendant. | ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE<br><br><br><br>Case No. 2:05-CR-00112 PGC |

Jose Salomon Niebla-Beltran moves the court to suppress all evidence obtained during a search of his red jeep. Mr. Niebla-Beltran argues that the warrantless search of his vehicle violated his Fourth Amendment right.[1] The government responds that officers could lawfully search the vehicle under the automobile exception to the warrant requirement because probable cause existed at the time of the search. The court finds that probable cause did exist at the time of the search and that the search did not violate Mr. Niebla-Beltran's Fourth Amendment rights. The court therefore denies the defendant's motion to suppress evidence obtained during the February 1, 2005 search (#15).

---

[1] U.S. CONST. amend IV.

Background

On January 22, 2005, Deputy Rob Johnson of the Kane County Sheriff's Office stopped Mr. Niebla-Beltran's red jeep for speeding. The defendant was the only one in the vehicle, and consented to a search upon Deputy Johnson's request. During this search, Deputy Johnson and another deputy recovered a small bag of white powder that later tested positive for cocaine. The deputies also recovered a glass pipe and a handgun. They arrested Mr. Niebla-Beltran and seized the red jeep.

One of the deputies drove the vehicle back to the Sheriff's Office and left it to help process prisoners. After processing prisoners, he again got into the vehicle and searched areas within reach of the driver's seat. He did not search the back seat or hatch, nor did he complete an inventory form. During that search, he noticed loose screws and unmatched screws in the jeep and thought it should be searched more thoroughly. The deputy then went off-duty.

The Sheriff's Office held the jeep for release to the "owner," meaning that the jeep could be released to the defendant, to someone authorized by the defendant, or to someone who could prove an ownership interest in the jeep. The Sheriff's Office secured the jeep in the Kane County Jail secured-parking area. Sheriff Lamont Smith received several calls from people claiming to have an interest in the jeep, but none of them produced registered ownership or authorization from Mr. Niebla-Beltran. All of these calls prompted Sheriff Smith to suspect that there might be something of value in the jeep.

Mr. Niebla-Beltran pleaded guilty in state court, avoiding prosecution on counts including controlled substance possession, firearm possession, and illegal re-entry. He was released into

the custody of immigration authorities for deportation on January 28, 2005. Subsequent to the defendant's release to immigration, Deputy Johnson received a call from Sheriff Smith on January 31, 2005, regarding the jeep. According to Smith, a jail inmate provided information that methamphetamine was hidden in the jeep. Several police officials then conducted a warrantless search of the jeep on February 1, 2005, locating methamphetamine concealed next to the rear tire well in the rear cargo compartment of the jeep. After finding the controlled substances, the government indicted Mr. Niebla-Beltran for possession of methamphetamine in this court. Mr. Niebla-Beltran now moves to suppress this recovered evidence, arguing that the warrantless search violates his Fourth Amendment rights. To avoid the need for an evidentiary hearing, counsel on both sides commendably stipulated to the foregoing facts.

## Discussion

Mr. Niebla-Beltran argues that the government has not proven that it can rely on the automobile exception to the warrant requirement because the jeep was not mobile and the initial search was already completed. He argues that since the Sheriff's Office impounded the car, it could not be recovered and driven away by the defendant at any time. Citing the Supreme Court's decision in *Pennsylvania v. Labron*,[2] he contends that "there must be probable cause *and* the vehicle must be mobile for the exception to apply."[3] Thus, according to Mr. Niebla-Beltran, because the jeep was not "mobile," the Sheriff's Office needed a warrant to conduct the February

---

[2] 518 U.S. 938, 940 (1996) (citing *California v. Carney*, 471 U.S. 386, 392-93 (1985)).

[3] Defendant's Memorandum In Support of Defendant's Motion to Suppress Evidence (#36), at 3, Case No. 2:05-CR-112 PGC (D. Utah).

1, 2005 search

      Mr. Niebla-Beltran takes too narrow a view of the automobile exception. According to the Supreme Court, mobility does not turn on whether the car is impounded, but only whether it is capable of being driven. In *California v. Carney*, the Court analyzed mobility in terms of whether the car could be driven immediately:[4] "When a vehicle is being used on the highways, *or if it is readily capable of such use* and is found stationary in a place not regularly used for residential purposes . . . the vehicle exception come[s] into play . . . [since] the *vehicle is obviously readily mobile by the turn of an ignition key*, if not actually moving."[5] Later in *Labron*, the Court cited *Carney* with approval, observing that ready mobility is one of the justifications for the automobile exception to the Fourth Amendment's warrant requirement.[6] Under this definition, Mr. Niebla-Beltran's vehicle was clearly mobile. The Supreme Court has also established "a further justification" for the automobile exception, namely "the individual's reduced expectation of privacy in an automobile, owing to its pervasive regulation."[7] Here, the mobility and reduced expectation of privacy in the defendant's jeep is clear, as the jeep "was readily mobile by the turn of an ignition key"[8] and was still subject to motor vehicle regulations, even if the Sheriff's Office had it impounded in its parking lot.

---

    [4]*Carney*, 471 U.S. at 392-93.

    [5]*Id*. (emphases added).

    [6]*Labron*, 518 U.S. at 940.

    [7]*Id*.

    [8]*Carney*, 471 U.S. at 393.

But mobility or the reduced expectation of privacy are not the only predicates for a valid warrantless search of a motor vehicle.  Under the "automobile exception," the "only essential predicate for a valid warrantless search of a motor vehicle by law enforcement officers is 'probable cause to believe that the [vehicle] contains contraband or other evidence of criminal activity.'"[9]  As the Tenth Circuit has explained, "[i]f police have probable cause to search a car, they need not get a search warrant first even if they have time and opportunity."[10]  On facts quite similar to this one, the Fourth and Ninth Circuits have held that no warrant was required.[11]

Given this case law, the crux of the matter falls to whether the police had probable cause to search the car at the time it was searched; if so, the police "need not get a search warrant first even if they ha[d] time and opportunity."[12]  Here, the police plainly had probable cause to conduct a search of the vehicle.  After pulling Mr. Niebla-Beltran over for speeding, Deputy Johnson received consent to search the vehicle.  Deputy Johnson recovered a small bag of cocaine, as well as a glass pipe and a handgun. The discovery of illegal drugs would, even

---

[9] *United States v. McCoy*, 977 F.2d 706, 710 (1st Cir. 1992) (quoting *United States v. Panitz*, 907 F.2d 1267, 1271 (1st Cir. 1990)).

[10] *United States v. Ludwig*, 10 F.3d 1523, 1528 (10th Cir. 1993) (citing *United States v. Crabb*, 952 F.2d 1245, 1246 (10th Cir. 1991)).

[11] *See United States v. Gastiaburo*, 16 F.3d 582, 584-85 (4th Cir. 1994) (holding that a passenger's tip regarding a gun in the car along with previously discovered crack cocaine provided sufficient probable cause to search a car without a warrant under the automobile exception after a thirty-eight day impoundment); *United States v. Spires*, 3 F.3d 1234, 1237 (9th Cir. 1993) (holding that an informant's tip regarding drugs in the car along with previously discovered drugs provided sufficient probable cause for a warrantless search of a car under the automobile exception after a seven-day impoundment).

[12] *Ludwig*, 10 F.3d at 1528; *see also Anderson*, 114 F.3d at 1066.

standing alone, be enough to establish probable cause to search the entire car.[13]  But there was more.  First, Deputy Willis noted loose screws and unmatched screws in the jeep.  Second, a number of people called, in a suspicious manner, claiming an interest in the vehicle.  Third, one day before the disputed search occurred, Deputy Johnson received information from a fellow officer that a jail inmate had information on methamphetamine hidden in Mr. Niebla-Beltran's jeep.  All of these factors together plainly furnished probable cause to search the impounded jeep.[14]

## Conclusion

The court denies defendant's motion to suppress evidence obtained during the February 1, 2005 search of the defendant's jeep (#15).  The parties are directed to conclude any plea discussions by November 17, 2005.  At that time, the court will either take a plea or arrange to set the case for trial.

DATED this 24th day of October, 2005.

BY THE COURT:

*Paul Cassell* (signature)

Paul G. Cassell
United States District Judge

---

[13] *United States v. Loucks*, 806 F.2d 208, 211 (10th Cir. 1986).

[14] *Anderson*, 114 F.3d at 1066-67 (noting that a number of factors furnished probable cause to search the gas tank of defendant's car, none of which included the actual discovery of drugs or information about drugs in the defendant's car).